UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GERALD KENT,**

    **Plaintiff,**

**vs.**                                      **CASE NO:**

**SHERIFF A.J. "TONY" SMITH,**
**Individually, and in his Capacity as**
**Sheriff of Franklin County, Florida,**
**and DEPUTY JARED HEWITT,**
**Individually,**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, **GERALD KENT**, hereby sues the Defendants, Sheriff A.J. "Tony" Smith, Individually, and in his Capacity as Sheriff of Franklin County, Florida, and Deputy Jared Hewitt, Individually, and would further allege as follows:

## JURISDICTIONAL ALLEGATIONS:

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of attorney's fees and costs, brought under the Fourth Amendment to the United States Constitution, through 42 U.S.C. §1983.

2. At all times material to the instant Complaint, the Plaintiff, Gerald Kent (hereinafter to be referred to as "Mr. Kent", or Plaintiff), was a resident of Franklin County, Florida. Accordingly, the Plaintiff is *sui juris*.

3. At all times material to the instant Complaint, the Defendant, Sheriff A.J. "Tony" Smith (hereinafter to be referred to as "Sheriff Smith"), Individually, and in his Capacity

as Sheriff for Franklin County, Florida, was the Sheriff of the Franklin County, Florida Sheriff's Department, the entity charged with effectuating law enforcement activity in Franklin County, Florida. Accordingly, the Defendant is *sui juris*.

4. At all times material to the instant Complaint, the Defendant, Jared Hewitt (hereinafter to be referred to as "Deputy Hewitt"), was a Deputy with the Franklin County, Florida Sheriff's Department. Accordingly, the Defendant is *sui juris*.

5. All conditions precedent to the initiation and/or maintenance of the instant lawsuit have been satisfied and/or, otherwise, waived by the enumerated Defendants.

## GENERAL ALLEGATIONS:

6. The Plaintiff was previously a resident of Franklin County, Florida, at 181 24th Avenue in Apalachicola, Florida. The home located at the aforementioned address had previously belonged to the Plaintiff's father and the Plaintiff, Mr. Kent, had moved into the property to take care of his father while he was ill.

7. After the Plaintiff's father passed away, the Plaintiff, Mr. Kent, remained on in the property pursuant to the wishes of his father and the agreement that had been in place to allow for the caretaker of the father to continue to reside therein as consideration for assistance to the father while he had been ill.

8. On February 22, 2022, the Defendants, Sheriff Smith and Deputy Hewitt, traveled to the property at 181 24th Avenue in Apalachicola, Florida for the alleged purpose of "removing" the Plaintiff, Mr. Kent, from the premises.

9. The Plaintiff's, Mr. Kent's, brother, who, apparently, had a long-standing relationship and/or friendship with the Defendant, Sheriff Smith, due to the brother's occupation of repairing vehicles for the same, had requested a personal "favor" from the Defendant, Sheriff Smith, *vis a vis* the removal of the Plaintiff, Mr. Kent, from the subject property.

2

10.  The Defendant, Deputy Hewitt, was enlisted by the Defendant, Sheriff Smith, to assist in the Plaintiff's, Mr. Kent's, removal from the property in question.

11.  Notably, in the Defendant's, Deputy Hewitt's, Probable Cause Statement he provided in the aftermath of the events giving rise to the instant lawsuit, the Defendant, Deputy Hewitt, claimed that the legal basis for effectuating the removal of the Plaintiff, Mr. Kent, was predicated upon "the stipulations in the Florida Statute 82.035".

12.  The *Florida Statutes, Chapter 82.035*, in pertinent part, relates to the "Remedy for Unlawful Detention by a Transient Occupant of Residential Property". The gravamen of the statute is that is purports to provide relief to property owners to legally remove a trespasser to residential premises that has no legal and/or tenancy rights therein. In essence, it allows for the removal of an unlawful occupant of a residential property without having to undertake the 'cumbersome' task of commencing a formal ejectment or eviction proceeding in Circuit Court.

13.  In addition to providing a remedy, however, because the statute allows for the circumvention of conventional legal process, the statute sets forth a specific process by which a party seeking relief under the same must proceed—to wit, the *Florida Statutes, Chapter 82.035(3)* states that, "Any law enforcement officer may, **upon receipt of a sworn affidavit of the party entitled to possession** that a person who is a transient occupant is unlawfully detaining residential property, direct a transient occupant to surrender possession of residential property (*Emphasis Supplied*)".

14.  In other words, under the pertinent unlawful detainer statutory regime, in order for a law enforcement officer/agent to be conferred with the requisite legal authority with which to perform the removal of an occupant of residential property, the act of removal must be preceded by and/or predicted upon a sworn affidavit of the party claiming entitlement to

3

possession.

15.    Upon arrival at the subject property, the Defendant, Sheriff Smith, who was accompanied by the Plaintiff's, Mr. Kent's, brother and nephew, informed the Plaintiff, Mr. Kent, that he would need to vacate the property immediately.

16.    At the time the police arrived at the location, the Plaintiff, Mr. Kent, was peaceably standing outside cooking dinner on a portable grill.

17.    When the Plaintiff, Mr. Kent, learned that he was being directed to vacate the property, he attempted to explain that he had moved to the property years earlier to take care of his elderly, infirm father and had lived there after the passing of the same.

18.    As the Defendants, Sheriff Smith and Deputy Hewitt, appeared unmoved by the Plaintiff's, Mr. Kent's, explanation as to the basis for his presence on the property, the Plaintiff, Mr. Kent, then inquired as to whether the Defendants, Sheriff Smith and Deputy Hewitt, were in possession of a Court Order authorizing them to remove him from the property.

19.    The Defendants, Sheriff Smith and Deputy Hewitt, ignored the Plaintiff's, Mr. Kent's, inquiry as to whether they were in possession of a Court Order authorizing his removal from the property (except to otherwise opine that no Court Order or warrant was supposedly required), and proceeded to walk towards the door of the house.

20.    The Plaintiff, Mr. Kent, stood in the door of the house and reiterated that, in the absence of a Court Order or warrant, the Defendants, Sheriff Smith and Deputy Hewitt, did not have the legal right to be on the premises or effect his removal therefrom.

21.    The Defendant, Sheriff Smith, ordered the Plaintiff, Mr. Kent to move from the door of the house and when the Plaintiff, Mr. Kent, refused, the Defendant, Sheriff Smith, ordered the Defendant, Deputy Hewitt, to fire his Taser at the Plaintiff.

4

22. The leads of the Taser struck the Plaintiff, Mr. Kent, in the chest but the Plaintiff was, ultimately, able to remove the same.

23. The Defendant, Sheriff Smith, then proceeded to order the Defendant, Deputy Hewitt, to shoot the Plaintiff, Mr. Kent.

24. Before the Defendant, Deputy Hewitt, had the opportunity to draw his revolver from its holster, the Plaintiff, Mr. Kent, attempted to run away, justifiably fearing for his life at that time.

25. The Defendant, Sheriff Smith, pursued the Plaintiff, Mr. Kent, and, upon catching the same, proceeded to repeatedly discharge his Taser. The Plaintiff, Mr. Kent was forcibly brought to submission on the ground where he was repeatedly tased and beaten by the Defendants, Sheriff Smith and Deputy Kent, who, by this time, had inexplicably allowed the Plaintiff's, Mr. Kent's, brother and nephew to participate in the physical abuse and subsequent arrest.

26. The Plaintiff, Mr. Kent, was charged with possession of drugs and drug paraphernalia,[1] disorderly conduct, and resisting arrest with violence.[2] The Plaintiff, Mr. Kent, was taken to Franklin County Jail where he was held for multiple weeks.

27. The Plaintiff's, Mr. Kent's, brother took possession of the subject residential premises thereafter.

28. Subsequent to the events set forth herein, *infra*, counsel(s) for the Plaintiff, Mr. Kent, propounded a public records request to the Franklin County Sheriff's Office pursuant to the *Florida Statutes, Chapter 119, et.seq.*

---

[1] The charges, of course, were based on a warrantless search of the premises.

[2] Abundantly worthy of note herein is the fact that pursuant to the *Florida Statutes, Chapter 82.035(3)(a)*, failure to cooperate with law enforcement pursuant to an unlawful detainer action constitutes a violation of the *Florida Statutes, Chapter 810.08*. The Plaintiff, Mr. Kent, was never charged under *Chapter 810.08* despite the fact that the entire premise of the Defendants' presence of the property in the first instance was alleged to have been based upon an unlawful detainer action.

5

29. Specifically, given the Defendant's, Deputy Hewitt's, sworn representations that the basis of the Defendants' visit to the Plaintiff's, Mr. Kent's, home, was purportedly to carry out an unlawful detainer action pursuant to the *Florida Statutes, Chapter 82.035(3)*, the Franklin County Sheriff's Office was requested to provide a copy of the required sworn affidavit of the alleged residential property owner which serves as a condition precedent to an action sounding in unlawful detainer and which authorizes law enforcement to act thereupon.

30. Responsive to the public records request, the Franklin County Sheriff's Office provided a copy of a deed which appeared to have been culled from the public record of Franklin County purporting to transfer ownership of the subject residential property to the Plaintiff's, Mr. Kent's, brother.

31. Immediately thereafter, counsel(s) for the Plaintiff, Mr. Kent, again requested a copy of the required affidavit under the *Florida Statutes, Chapter, 82.035(3)*, and were advised that no such affidavit, in fact, exists.

32. Thus, while claiming to be operating under color of state law—specifically the *Florida Statutes, Chapter 82.035(3)*, the enumerated Defendants had failed to follow said law and, as such, had absolutely no legal authority to either present on the premises of the Plaintiff's, Mr. Kent's, home, nor cause/facilitate the Plaintiff's, Mr. Kent's, removal therefrom.

33. Title 42 of the United States Code, Section 1983, *et.seq.*, specifically proscribes the unlawful search and/or seizure of an individual and/or an individual's property in derogation of their constitutional rights under color of state actors. In this instance, the Fourth Amendment of the Constitution of the United States confers the Plaintiff, Mr. Kent, with the right to be free from unlawful search and/or seizure, and/or excessive force to his person and/or property.

34. In this instance, the Defendants violated the Plaintiff's, Mr. Kent's rights under Title

42 of the United States Code, Section 1983, *et.seq.*, by illegally searching and/or seizing his person and/or property, as well as deploying excessive force associated therewith, under color of state law in derogation of the Fourth Amendment to the United States Constitution.

35. As a direct and/or proximate result of the violation of the Plaintiff's, Mr. Kent's, rights to be free from unlawful search and/or seizure, and/or excessive force, at the hands of the instant Defendants, the Plaintiff, Mr. Kent, has sustained damages. Said injuries are continuing and will not abate in the future.

36. The Plaintiff, Mr. Kent, has retained the undersigned counsel(s) to represent his interests in this cause and is obligated to pay a fee for these services. The Defendants, collectively, should be made to pay said fees, along with costs incurred in connection with this action, under applicable law.

## COUNT I—FOURTH AMENDMENT, VIOLATION OF TITLE 42 OF THE UNITED STATES CODE, SECTION 1983, *ET.SEQ.*
### (Claims against all Defendants)

37. Plaintiff realleges and incorporates by reference Paragraphs One (1) through Thirty-Six (36), as if set forth in their entirety herein.

38. This Count sets forth claims on behalf of the Plaintiff, Mr. Kent, against the Defendants, Sheriff A.J. "Tony" Smith, Individually, and in his Capacity as Sheriff of Franklin County, Florida, and Deputy, Jared Hewitt, Individually, predicated upon violations of the Fourth Amendment, and is brought through 42 U.S.C. §1983.

39. The Defendants, collectively, operated to violate the Plaintiff's, Mr. Kent's, rights under the Fourth Amendment. These violations were of a type and character as to which any reasonable person would be aware. The Plaintiff's, Mr. Kent's, rights to be free from unlawful search and seizure and excessive force in his person and property were violated.

40. The Defendants' actions were carried out under color of state law by virtue of their

7

authority derived from their affiliation and/or designation as a law enforcement entity. The Defendants' actions, both individually and collectively, as described herein, were knowing and consciously shocking, and violative of the Plaintiff's, Mr. Kent's, rights, privileges, and immunities guaranteed by the Fourth Amendment to be free from unjustifiable search and/or seizure of a person, unjustified and unlawful and/or excessive force, and/or to be free from the deprivation of life, liberty, and/or property without due process of law.

41. The conduct of the Defendants was in callous and willful disregard of the Plaintiff's, Mr. Kent's, constitutional rights, thereby authorizing an award of punitive damages against said Defendants in their individual capacities.

42. The Defendant, Sheriff Smith, is a "person" under the laws applicable to this action. The Defendant, Deputy Hewitt, is a "person" under the laws applicable to this action. The Defendants, Sheriff Smith and Deputy Hewitt, are liable, jointly and severally, with the Defendant, the Franklin County Sheriff's Office, for their actions, individually and in concert, which violated the civil rights of the Plaintiff under the Fourth Amendment.

43. The Defendants, Sheriff Smith and Deputy Hewitt, personally participated in and— in Defendant's, Sheriff Smith's case—in fact, directed the adverse actions against the Plaintiff in violation of his Fourth Amendment rights set forth above.

44. The Defendants, Sheriff Smith and Deputy Hewitt, were a main participants and—in Defendant's, Sheriff Smith's, case—a policymaker, and/or made decisions to act adversely to the Plaintiff.

45. At all times pertinent hereto, the Defendants were acting under color of state law, are "persons" under the applicable law, and were acting under color of state law while doing so when they took the relevant actions, made the decisions, and/or participated in the adverse actions against the Plaintiff, Mr. Kent.

46. The enumerated Defendants acted with malice against the Plaintiff, Mr. Kent, and/or in reckless disregard of his clearly-established rights under the Fourth Amendment.

47. As a direct and/or proximate result of the actions of the Defendants, individually, and collectively, the Plaintiff has suffered the adverse actions set forth above. He suffered lost wages, benefits, and other tangible damages. The Plaintiff has also sustained emotional pain and suffering damages, loss of the capacity for the enjoyment of life, and other intangible damages. These losses have occurred in the past, are occurring at present, and are likely to continue on into the future. The Plaintiff is entitled to punitive damages against the Defendants, Sheriff Smith and Deputy Hewitt, under this Count.

48. The actions by and on behalf of the Defendants, as set forth in this Count were not unique events of the violations set forth herein. On information and belief, further similar events of Fourth Amendment violations on the part of Defendants and/or their agents/representatives have taken place, such events combining to determine a pattern, practice, and/or custom of similar wrongful and illegal behavior in derogation of the civil rights afforded under the Fourth Amendment of the United States Constitution.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

(a)    that process issue and this Court take jurisdiction over this cause;

(b)    that this Court enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(c)    that this Court enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(d)    that this Court enter judgment against Defendants and for Plaintiff

9

awarding Plaintiff costs and attorneys' fees, as allowed by law;

(e)     that this Court award Plaintiff interest as allowed by law; and

(f)     that this Court grant such other and further relief as is just and proper

under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

/s/ Patrick R. Frank
Patrick R. Frank [FBN 0642770]
Keisha D. Rice [FBN 13888]
**FRANK & RICE, P.A.**
325 East Park Avenue
Tallahassee, Florida  32301
Telephone:  (850) 629-4168
Facsimile:  (850) 629-4184


/s/ Douglas P. McAlarney
Douglas P. McAlarney [106497]
P.O. Box 642
Tallahassee, Florida  32302
Telephone:  (850) 559-1986


**ATTORNEYS FOR PLAINTIFF,
GERALD KENT**